**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:21-cv-00487-RJC-DCK**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                   Plaintiff,<br><br>v.<br><br>STORM BRYANT, et al.<br>                   Defendants. | **Consent Order of Preliminary Injunction and Other Equitable Relief** |

**THIS MATTER** comes before the Court on the Parties Joint Motion to Enter Consent Order of Preliminary Injunction. (DE 20). On September 15, 2021, Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), filed a Complaint for Permanent Injunction and Other Relief (Complaint, Docket Entry ("D.E.") 1) , and moved, pursuant to Section 6c(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1(a) (2018), and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 65(b), for an *ex parte* statutory restraining order enjoining Storm Bryant and Elijah Bryant, Capitalstorm LLC ("Capital Storm"), generationblack LLC ("Generation Black"), and ncome LLC ("Ncome") (collectively, the "Defendants") from destroying, altering, or disposing of, or refusing to permit authorized representatives of the Commission to inspect and copy any books or records or other documents, including electronically stored information ("ESI"), and further enjoining Defendants from withdrawing, transferring, removing, dissipating, or disposing of any funds, assets or other property. (Amended *Ex Parte* Motion for Statutory Restraining Order, D.E. 12). On September 24, 2021, the Court entered an order granting the Commission's Amended Motion for a Statutory Restraining Order, which froze Defendants' assets and prohibited Defendants from destroying, or denying the Commission access

to, Defendants' books and records, among other relief. (Statutory Restraining Order, D.E. No. 14). The Commission also filed a Motion for Preliminary Injunction, seeking to continue the relief set-forth in the Statutory Restraining Order. (Motion for Preliminary Injunction, D.E. No. 13). On September 27, 2021, the Court set a hearing on October 8, 2021, on the Motion for Preliminary Injunction, which was later continued to October 28, 2021, to provide the Commission additional time to serve the Defendants. (Order, D.E. No. 18).

On September 29, 2021, the Commission filed a Motion for Alternate Service, noting that the Bryants had fled to Panama City, Panama, and sought to serve the Defendants via email and/or FedEx international delivery at the Defendants' address in Panama. (Motion for Alternate Service, D.E. No. 15). On October 5, 2021, the Court granted the Commission's Motion for Alternate Service. (Order, D.E. No. 17). On October 6, 2021, the Defendants were served with the Complaint and summons via email, along with the Motion for Preliminary Injunction and other filings. (Notice of Alternate Service, D.E. No. 19). On October 8, 2021, the Defendants were served in Panama via FedEx international delivery, postage-prepaid, with all filings herein as of that date. *Id*.

The Court has considered the CFTC's Motion for Preliminary Injunction and its accompanying materials, and the relevant law, and hereby **GRANTS** the Motion for Preliminary Injunction and makes the following findings of facts and conclusions of law:

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (2018) (federal question jurisdiction), 28 U.S.C. § 1345 (2018) (jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress), and 7 U.S.C. § 13a−1(a) (jurisdiction over civil enforcement actions brought by the CFTC).

2. Venue lies properly in this District pursuant to 7 U.S.C. § 13a−1(e).

3. From at least March 2018 through the present Defendants have been engaged in a foreign currency ("forex") trading scheme to defraud existing and prospective retail clients in violation of the Commodities Exchange Act and CFTC Regulations.

4. Beginning on or about March 2018 and continuing to the present (the "Relevant Period"), Defendants, by and through Storm and Elijah Bryant, individually and on behalf of Capital Storm, Generation Black, and/or Ncome, have fraudulently solicited, and continue to fraudulently solicit, existing and prospective clients who are not eligible contract participants ("ECPs") to engage in retail transactions in off-exchange foreign currency ("forex") on a leveraged, margined, or financed basis. Defendants have received at least $1.05 million from not less than ninety-four clients during the Relevant Period, all of which Defendants misappropriated. Not less than $50,870 was sent back to clients as purported forex trading "profits" in the nature of a "Ponzi" scheme. In their solicitations to existing and prospective clients, the Bryants, both individually and on behalf of Capital Storm, Generation Black, and/or Ncome, falsely claim to trade forex on behalf of clients, falsely claimed to generate profits trading forex behalf of clients, and falsely touted their experience and history of "profitable" forex trading. The Bryants concurrently failed to advise existing and prospective clients that Defendants were misappropriating all client funds, that no client trading accounts exist or existed, that no trading on behalf of clients ever took place, and that Defendants were engaged in an illegal business enterprise as none of the Defendants were registered with the CFTC as required by federal law.

5. Capital Storm, Generation Black, and Ncome, by and through Storm and/or Elijah Bryant, their agent(s), officer(s), and control person(s): (a) have engaged, are engaging, and are reasonably likely to continue engaging in fraud in connection with retail forex transactions in violation of 7 U.S.C. § 6b(a)(2)(A)−(C) (2018) and 17 C.F.R. § 5.2(b)(1), (3) (2020); (b) have

3

acted, are acting, and are reasonably likely to continue acting as unregistered retail forex commodity trading advisors in violation of 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(bb), 6m(1) (2018), and 17 C.F.R. § 5.3(a)(3)(i) (2020); (c) have acted, are acting, and are reasonably likely to continue acting as unregistered associated persons of commodity trading advisors in violation of 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(aa), 6k(3) (2018), and 17 C.F.R. § 5.3(a)(3)(ii) (2020); (d) have engaged, are engaging, and are reasonably likely to continue engaging in fraud while acting as commodity trading advisors and associated persons of commodity trading advisors in violation of 7 U.S.C. § 6o(1)(A), (B) (2018); (e) have been soliciting, accepting, and receiving and are reasonably likely to continue soliciting, accepting, and receiving in the Bryants' names funds from existing and prospective clients purportedly for purposes of trading forex in violation of 17 C.F.R. § 4.30(a) (2020); and (f) have failed, are failing, and are reasonably likely to continue failing to keep certain required books and records in violation of 17 C.F.R. § 4.33 (2020).

6. Immediate and irreparable damage to the Court's ability to grant effective final relief for clients in the form of monetary or other redress will occur from the withdrawal, transfer, removal, dissipation or other disposition of funds, assets, or other property ("assets") and/or the destruction, alteration, or disposition of books and records and other documents ("records") by Defendants, unless Defendants are immediately restrained and enjoined by Order of the Court.

7. Therefore, the Court will continue the relief set-forth in the *ex parte* temporary restraining order (D.E. No. 14) prohibiting Defendants from withdrawing, transferring, removing, dissipating, or otherwise disposing of any assets owned, controlled, managed or held by Defendants, or in which they have any beneficial interest; prohibiting Defendants from destroying, altering or disposing of any records, and from denying representatives of the Commission access to inspect records, when and as requested, to ensure that Commission representatives have

4

immediate and complete access to those records; and, granting the additional relief set-forth herein.

8. Therefore, the Court orders the relief set forth below.

**THE COURT FINDS** that:

9. The Court possesses jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the CEA, 7 U.S.C. § 13a-1 (2018).

10. Venue properly lies in this District, pursuant to Section 6c(e) of the CEA, 7 U.S.C. § 13a-1(e) (2018).

**IT IS HEREBY ORDERED** that:

## I. DEFINITIONS

For the purposes of this Order, the following definitions apply:

11. The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cryptocurrency and cash, wherever located, whether in the United States or outside the United States.

12. The term, "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes, but is not limited to, all writings or printed matter of any kind, including without limitation: records, correspondence, memoranda, notes, rolodexes, address books, diaries, statistics, e-mail, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice or

5

intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, facsimiles, invoices, worksheets, ledger books, books of accounts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The term "document" also includes graphs, charts, photographs, phonographic record, audio and video recordings, computer records, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form. The term "document" also refers to each and every document in your actual or constructive possession, including but not limited to: (i) all documents within your custody or control of any of your present or former agents, employers, employees, partners, and (ii) all documents which you have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of the term. A document also includes the file and folder tabs associated with each original and copy.

      13. "Defendants" refer to Storm Bryant and Elijah Bryant, Capitalstorm LLC ("Capital Storm"), generationblack LLC ("Generation Black"), and ncome LLC ("Ncome"), and/or any person insofar as he or she is acting in the capacity of an officer, agent servant, employee, and/or attorney of the Defendants and any person or entity who receives actual notice of this Order by personal service or otherwise insofar as he, she or it is acting in concert or participation with the Defendants.

## II.     PRELIMINARY INJUNCTIVE RELIEF

**IT IS HEREBY ORDERED** that:

      14. Defendants and their agents, servants, employees, assigns, attorneys, person and/or entity in active concert or participation with them, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Order by personal

service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly: transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including Defendants' assets held outside the United States; *provided however*, that if Defendants have control over any accounts in which there are any open trading positions in contracts, agreements, or transactions in commodity futures, options on commodity futures, and/or foreign currency or options relating thereto ("forex"), Defendants shall forthwith close out or liquidate any and all such open positions.

15. Defendants are restrained and enjoined from acting in any capacity that requires registration with the Commission. Defendants are restrained and enjoined from opening any new forex trading accounts, for their own benefit or the benefit of third parties, and are restrained.

16. Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to, access by Defendant.

17. Any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any Defendant, or has held, controlled, or maintained custody of any such account or asset of any Defendant at any time since March 1, 2018, who receive notice of this Order by personal service or otherwise, are hereby notified that this Order prohibits any Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of Defendants' assets, except as directed by further order of the Court; provided, however, nothing in this Order shall limit the discretion of any compliance official of any retail foreign exchange dealer or futures

commission merchant with which Defendants maintain an account to liquidate, or close out, any and all open positions in Defendants' account, in a prompt and orderly fashion in order to avoid losses due to the asset freeze required by this Order.

### III.     MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS

**IT IS HEREBY ORDERED** that:

13.     Defendants and their agents, servants, employees, assigns, attorneys, and/or person in active concert or participation with them, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendants. Representatives of the Commission shall be immediately allowed to inspect the books, records, and other documents of Defendants and their agents, including, but not limited to, paper documents, electronically stored information ("ESI"), tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

14.     Defendants shall, **within 24 hours of the service of this Order upon them**, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all passwords for any encrypted ESI in the possession or control of Defendants that relate to the business practices of Defendants or the business or personal finances of Defendants.  Defendants shall, within 24 hours of the service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desk top computers, laptop computers and/or other computers owned and/or used by them in connection with their business.  The schedules required by this section shall include at a minimum the make, model and description of each, along

with the location, the name of the person primarily assigned to use the computer, and all passwords necessary to access and use the software contained on the computer and/or PDA. The Commission and/or its representative shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computer(s).

15. **Within five (5) days of the date of this Order**, the Defendants shall deliver to the Commission a complete list of all: digital assets held or controlled by the Defendants and/or persons acting in concert with them; identify the address of all such virtual currency; provide the corresponding private key for any virtual currency address; provide the date on which you acquired that private key; and identify the dates, currency, quantity, and your involved virtual currency address(es).

16. **Within five (5) days of the date of this Order**, the Defendants shall deliver to the Commission the identity of all persons and/or entities to whom the Defendants have transferred virtual currency, beginning from March 1, 2018, to the date of this Order, identify the date of each transfer, and provide the public keys and public addresses associated with said transfers, as well as the private keys the Defendants used to affect each transfer.

17. **Within five (5) days of the date of this Order**, the Defendants shall deliver to the Commission an accounting of the disposition of all assets accepted by the Defendants from each client, from the date of receipt to the date of this Order. Defendants shall also deliver to the Commission a list identifying each client, including each client's name, address, telephone number and email address.

18. **Within five (5) days following the service of this Order**, Defendants shall provide the Commission immediate access to all records of Defendants held by financial institutions

9

located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order and submitting same to counsel for the Commission.

## IV. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED that**:

19. As Plaintiff Commission is an agency of the United States of America which has made a proper showing under Section 6c(b) of the Act, 7 U.S.C. 13a-1(b) (2018), this restraining order is granted without bond. Accordingly, the Commission need not post a bond.

## V. STAY OF FURTHER ACTIONS

**IT IS FURTHER ORDERED** that:

20. Except by leave of the Court, Defendants, and all other persons and entities in active concert or participation with them, are hereby stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of any Defendant in the assets, including but not limited to, the following actions:

   A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

   B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, real and/or personal property of any Defendant or any real and/or personal property claimed by any Defendant, or attempting to foreclose, forfeit, alter or terminate any Defendant's interest(s) in real and/or personal property, whether such acts are part of a judicial proceeding or otherwise;

   C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of

impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Defendant; and

        D.     Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the real and/or personal property and assets of Defendants.

21.     The foregoing Paragraph does not stay the commencement or continuation of any action or proceeding by any governmental unit to enforce such governmental unit's police or regulatory power.

## VI.    SERVICE OF ORDER

22.     Copies of this Order may be served by any means, including electronic mail, facsimile transmission and/ FedEx international delivery, upon Defendants, any financial institution and/or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may be subject to any provision of this Order.

## VII.    SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED that**:

23.     Defendants shall comply with all electronic filing rules and requirements of the U.S. District Court of the Western District of North Carolina and shall serve all pleadings, filings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Timothy J. Mulreany, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581, by electronic filing, e-mail, personal delivery or courier service (such as Federal Express or United Parcel Service) and **not** by regular mail due to potential delay resulting from heightened security and decontamination procedures applicable to the Commission's regular mail.

## VIII.    COURT MAINTAINS JURISDICTION

11

Case 3:21-cv-00487-RJC-DCK   Document 21   Filed 10/26/21   Page 11 of 12

24. This Order shall remain in effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

**IT IS FURTHER ORDERED** that the preliminary injunction hearing scheduled for October 28, 2021, is cancelled in light of this consent order.

Signed: October 25, 2021

Robert J. Conrad, Jr.
United States District Judge