**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00487-RJC-DCK**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STORM BRYANT, et al., )<br>)<br>Defendants. )<br>) | **Order** |

**THIS MATTER** comes before the Court on Plaintiff's Unopposed Motion to Enter Substitute Consent Order of Preliminary Injunction. (DE 22). Plaintiff argues, and Defendants do not oppose, that the consent order of preliminary injunction entered by this court at docket entry 21 was not the final version of the agreed upon preliminary injunction by the Parties. Having fully considered the arguments, the record, and the applicable authority, this Court **GRANTS** the motion and enters the substitute consent order of preliminary injunction below. This Court's previous order at docket entry 21 is struck in light of this order.

**CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER
EQUITABLE RELIEF AS TO DEFENDANTS**

On September 15, 2021, Plaintiff, Commodity Futures Trading Commission ("Commission" or "Plaintiff"), filed a Complaint for Permanent Injunction and Other Relief (Complaint, Docket Entry ("D.E.") 1), and moved, pursuant to Section 6c(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1(a) (2018), and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 65(b), for an *ex parte* statutory restraining order enjoining Storm Bryant and Elijah Bryant, Capitalstorm LLC ("Capital Storm"), generationblack LLC ("Generation Black"), and

ncome LLC ("Ncome") (collectively, the "Defendants") from destroying, altering, or disposing of, or refusing to permit authorized representatives of the Commission to inspect and copy any books or records or other documents, including electronically stored information ("ESI"), and further enjoining Defendants from withdrawing, transferring, removing, dissipating, or disposing of any funds, assets or other property. Amended Motion for Statutory Restraining Order, D.E. 12. On September 24 , 2021, the Court entered an order granting the Commission's Amended Motion for a Statutory Restraining Order, which froze Defendants' assets and prohibited Defendants from destroying, or denying the Commission access to, Defendants' books and records, among other relief. Statutory Restraining Order, D.E. No.14. The Commission also filed a Motion for Preliminary Injunction, seeking to continue the relief set-forth in the Statutory Restraining Order. Motion for Preliminary Injunction, D.E. 13. On September 27, 2021, the Court set a hearing on October 8, 2021, on the Motion for Preliminary Injunction.

Defendants, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction Order and Other Equitable Relief as to Defendants ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that their consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce Defendants to consent to this Order. Defendants' consent to the jurisdiction of this Court is solely for purposes of allowing this Consent Order to be entered; Defendants reserve all defenses to the Commission's claims, including but not limited to any challenges to the Commission's jurisdiction over Defendants' activities under the Act.

Defendants consent to the entry of this Order and to the use of this Order in this proceeding and the parties agree that it has no collateral estoppel effect in any parallel state or federal criminal

2

Case 3:21-cv-00487-RJC-DCK   Document 25   Filed 10/28/21   Page 2 of 10

proceedings, i.e., the entry of this Order is just for these proceedings and should not prejudice or impair the Defendants' constitutional civil rights in any parallel criminal proceeding.

**THE PARTIES AGREE AND THE COURT FINDS** that:

1. The Court possesses jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the CEA, 7 U.S.C. § 13a-1 (2018), although Defendants specifically reserve the right to deny the allegations in the Complaint and make appropriate proofs at any later date.

2. Venue properly lies in this District, pursuant to Section 6c(e) of the CEA, 7 U.S.C. § 13a-1(e) (2018).

3. Defendants acknowledge receipt of the Summons, Complaint and all other filings and orders entered herein.

4. Defendants waive the entry of findings of fact and conclusions of law in this action under Federal Rule of Civil Procedure 52(a)(2) (2020).

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

### I. DEFINITIONS

For the purposes of this Order, the following definitions apply:

5. The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cryptocurrency and cash, wherever located, whether in the United States

3

or outside the United States.

6. The term, "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes, but is not limited to, all writings or printed matter of any kind, including without limitation: records, correspondence, memoranda, notes, rolodexes, address books, diaries, statistics, e-mail, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, facsimiles, invoices, worksheets, ledger books, books of accounts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The term "document" also includes graphs, charts, photographs, phonographic record, audio and video recordings, computer records, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form. The term "document" also refers to each and every document in your actual or constructive possession, including but not limited to: (i) all documents within your custody or control of any of your present or former agents, employers, employees, partners, and (ii) all documents which you have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of the term. A document also includes the file and folder tabs associated with each original and copy.

7. "Defendants" refer to Storm Bryant and Elijah Bryant, Capitalstorm LLC ("Capital Storm"), generationblack LLC ("Generation Black"), and ncome LLC ("Ncome"), and/or any person insofar as he or she is acting in the capacity of an officer, agent servant, employee, and/or attorney of the Defendants and any person or entity who receives actual notice of this Order by personal service or otherwise insofar as he, she or it is acting in concert or participation with the

4

Defendants.

## II. PRELIMINARY INJUNCTIVE RELIEF

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

8. Defendants and their agents, servants, employees, assigns, attorneys, person and/or entity in active concert or participation with them, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly: transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including Defendants' assets held outside the United States; *provided however*, that if Defendants control any accounts in which there are any open trading positions in contracts, agreements, or transactions in commodity futures, options on commodity futures, and/or foreign currency or options relating thereto ("forex"), Defendants shall forthwith close out or liquidate any and all such open positions.

9. Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to, access by Defendant.

10. This Order shall apply to any assets derived from or otherwise related to the activities alleged in the Commission's complaint, regardless of when the asset was obtained. However, the assets affected by this Order shall not include assets obtained after the effective date of this Order, to the extent such assets are not derived from or otherwise related to the activities alleged in the Commission's complaint.

11. Any financial or brokerage institution, business entity, or person that holds,

5

controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any Defendant, or has held, controlled, or maintained custody of any such account or asset of any Defendant at any time since January 1, 2015, who receive notice of this Order by personal service or otherwise, are hereby notified that this Order prohibits any Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of Defendants' assets, except as directed by further order of the Court; provided, however, nothing in this Order shall limit the discretion of any compliance official of any retail foreign exchange dealer or futures commission merchant with which Defendants maintain an account to liquidate, or close out, any and all open positions in Defendants' account, in a prompt and orderly fashion in order to avoid losses due to the asset freeze required by this Order.

12. This Court will entertain an application by Defendants for reasonable and necessary living expenses and attorneys' fees upon proper written submission. Proper submission requires that Defendants file such application under oath with the Clerk of the Court and set forth in detail, fully substantiated by all relevant documentation, the amount of funds necessary to pay reasonable and necessary living expenses, a description of the expenses for which those funds are to be applied, a description of the assets sought to be used to pay such expenses, and a description of the derivation of such assets. The Commission may object or otherwise respond to such application.

### III. MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS
**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

13. Defendants and their agents, servants, employees, assigns, attorneys, and/or person in active concert or participation with them, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are restrained from directly or indirectly

destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendants. Representatives of the Commission shall be immediately allowed to inspect the books, records, and other documents of Defendants and their agents, including, but not limited to, paper documents, electronically stored information ("ESI"), tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

14. Defendants shall, within 24 hours of the service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all passwords for any encrypted ESI in the possession or control of Defendants that relate to the business practices of Defendants or the business or personal finances of Defendants. Defendants shall, within 24 hours of the service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desk top computers, laptop computers and/or other computers owned and/or used by them in connection with their business. The schedules required by this section shall include at a minimum the make, model and description of each, along with the location, the name of the person primarily assigned to use the computer, and all passwords necessary to access and use the software contained on the computer and/or PDA. The Commission and/or its representative shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computer(s).

15. Within five (5) days of the date of this Order, the Defendants shall deliver to the Commission an accounting of the disposition of all assets accepted by the Defendants from each participant in the Defendants' pool, from the date of receipt to the date of this Order. Defendants shall also deliver to the Commission a list identifying each participant in the pool, including each

7

participant's name, address, telephone number and email address.

16. **<u>Within five (5) days following the service of this Order</u>**, Defendants shall provide the Commission immediate access to all records of Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order and submitting same to counsel for the Commission.

## IV. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that:

17. As Plaintiff Commission is an agency of the United States of America which has made a proper showing under Section 6c(b) of the Act, 7 U.S.C. 13a-1(b) (2018), this restraining order is granted without bond. Accordingly, the Commission need not post a bond.

## V. STAY OF ACTIONS

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

18. Except by leave of the Court, Defendants, and all other persons and entities in active concert or participation with them, are hereby stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of any Defendant in the assets, including but not limited to, the following actions:

   A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

   B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, real and/or personal property of any Defendant or any real and/or personal property claimed by any Defendant, or attempting to foreclose, forfeit, alter or terminate any Defendant's interest(s) in real and/or

personal property, whether such acts are part of a judicial proceeding or otherwise;

    C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Defendant; and

    D. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the real and/or personal property and assets of Defendants.

  19. The foregoing Paragraph does not stay the commencement or continuation of any action or proceeding by any governmental unit to enforce such governmental unit's police or regulatory power.

## VI. SERVICE OF ORDER

  20. Copies of this Order may be served by any means, including electronic mail, facsimile transmission and United Parcel Service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may be subject to any provision of this Order.

## VII. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that:

  21. Defendants shall comply with all electronic filing rules and requirements of the U.S. District Court of the Western District of North Carolina and shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Timothy J. Mulreany, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581, by electronic filing, email, personal delivery or courier service (such as Federal Express or United Parcel Service) and not by

regular mail due to potential delay resulting from heightened security and decontamination procedures applicable to the Commission's regular mail.

## VIII. COURT MAINTAINS JURISDICTION

22. This Order shall remain in effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

**IT IS FURTHER ORDERED** that this Court's previous consent order of preliminary injunction at docket entry 21 is struck in light of this order.

Signed: October 27, 2021

Robert J. Conrad, Jr.
United States District Judge