UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00487-RJC-DCK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, ) ) ) Plaintiffs, ) ) v. ) ) STORM BRYANT, GENERATIONBLACK ) LLC, ELIJAH BRYANT III, NCOME LLC, ) and CAPITALSTORM LLC, ) ) Defendants. ) | **Order** |

**THIS MATTER** comes before the Court on Defendants' Amended Motion to Stay Expedited Discovery Provisions of Prior Order Pending Resolution of Motion to Dismiss (the "Motion") (Doc. No. 31) and response in opposition (Doc. No. 32). For the reasons stated herein, the Motion is **DENIED**.

**I.   BACKGROUND**

Plaintiff filed this action on September 15, 2021, alleging among other things that Defendants engaged in fraudulent activity and operated an illegal Ponzi scheme. (Doc. No. 1).

On October 28, 2021, this Court entered the Consent Order of Preliminary Injunction and Other Equitable Relief As To Defendants (the "Consent Order"). (Doc. No. 25). Among other things, in the Consent Order the Defendants agreed to allow immediate inspection of their books, records, and other documents; to provide certain information to Plaintiff within five days, including "an accounting of the disposition of all assets accepted by the Defendants from each participant in the Defendants' pool, from the date of receipt to the date of this Order," a list

identifying each participant in the pool, including each participant's name, address, telephone number and email address;" and to provide within five days "immediate access to all records of Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order and submitting same to counsel for the Commission." (*Id.* ¶¶ 13, 15-16). Additionally, the Defendants agreed to prepare and deliver within 24 hours "a detailed and complete schedule of all passwords for any encrypted ESI in the possession or control of Defendants that relate to the business practices of Defendants or the business or personal finances of Defendants" and a "detailed and complete schedule of all desk top computers, laptop computers and/or other computers owned and/or used by them in connection with their business" (all relevant provisions in the Consent Order collectively referred to herein as the "Expedited Discovery Provisions"). (*Id.* ¶ 14).

Days after filing a joint motion to enter the Consent Order Defendants filed a motion to dismiss.[1] (Doc. No. 24). Over a month later, Defendants requested a stay of the Expedited Discovery Provisions, that they agreed to days before filing their motion to dismiss, pending the Court's ruling on their motion to dismiss. (Doc. No. 31).

## II. DISCUSSION

A court may stay discovery under Federal Rule of Civil Procedure 26(c). "The party moving for the stay bears the burden of demonstrating good cause and reasonableness." *Drapkin v. Mjalli*, No. 1:19CV175, 2019 WL 9662885, at *1 (M.D.N.C. Aug. 26, 2019). "Such motions

---

[1] The Parties filed a joint motion to enter a consent order on October 21, 2021. The Court initially entered the consent order on October 26, 2021. The initial consent order was struck two days later by the Consent Order which was entered on October 28, 2021. Between the time the Court entered the initial consent order and the operative Consent Order Defendants filed their motion to dismiss on October 27, 2021.

are not favored because when discovery is delayed or prolonged it can create case management problems[,] which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* Courts must weigh the balance of harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988).

Here, Defendants did not meet their burden or show good cause why the Expedited Discovery Provisions should be stayed. Defendants reached an agreement with Plaintiff to provide the expedited discovery, which was memorialized in the Consent Order entered by this Court. Within days Defendants filed their motion to dismiss. Indeed, the motion to dismiss was filed before the Court entered the non-stricken Consent Order. Defendants argue good cause exists to stay the discovery because at the time they agreed to the Consent Order there was no motion to dismiss pending and they were not represented by counsel. This argument is unavailing. Defendants were in contact with counsel at the time they agreed to the Consent Order, and they filed their motion to dismiss only days after agreeing to the Consent Order. Moreover, Defendants waited over a month to file the motion to stay the Expedited Discovery Provisions despite being required by this Court's Order to provide various aspects of the expedited discovery "immediately," within 24 hours, or within five days. For these reasons, the Court finds Defendants' arguments wholly unpersuasive and will deny their motion to stay the Expedited Discovery Proceedings.

Plaintiff's response in opposition to Defendants' motion also appears to request the Court hold Defendants in civil contempt or issue an order to show cause why they should not be held in contempt. However, pursuant to Local Rule 7.1(c), the Court will not entertain motions made in

responsive briefing. LCvR 7.1(c)(2) ("Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading."). Accordingly, any request made in Plaintiff's opposition briefing is denied. The Court will consider any such motion only if filed in accordance with the relevant Local Rules.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Stay Expedited Discovery Provisions of Prior Order Pending Resolution of Motion to Dismiss (Doc. No. 30) is **DENIED as moot**; and

2. Defendants' Amended Motion to Stay Expedited Discovery Provisions of Prior Order Pending Resolution of Motion to Dismiss (Doc. No. 31) is **DENIED**. Defendants shall comply with all provisions of the Consent Order.

**SO ORDERED.**

Signed: March 22, 2022

Robert J. Conrad, Jr.
United States District Judge